```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____

FRANK ROY,

              Plaintiff,                Civil No. 14-2848 (NLH/KMW)

v.                                   **MEMORANDUM OPINION AND ORDER**

SEARS,

              Defendant.

_____

**APPEARANCES:**

Frank Roy
998 W. Landis Ave, Unit 121
Vineland, New Jersey 08360

    *Pro Se Plaintiff*

**HILLMAN, District Judge**

    This matter having come before the Court by way of Plaintiff's application to proceed <u>in forma pauperis</u> and by way of Plaintiff's complaint submitted on May 5, 2014 alleging a violation of 42 U.S.C. § 1983; and

    The Court, pursuant to 28 U.S.C. § 1915, having previously reviewed the complaint to determine whether any claim is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief; and

The Court having found that Plaintiff's complaint, even construed liberally, did not allege facts sufficient to demonstrate that Plaintiff can maintain a plausible claim for relief under 42 U.S.C. § 1983; and

The Court specifically having found that Plaintiff failed to adequately allege facts to demonstrate that Defendant Sears was acting under color of state law, or how Defendant's alleged conduct violated Plaintiff's constitutionally protected rights (Mem. Op. and Order 8, June 16, 2014 [Doc. No. 3]); and

The Court having dismissed Plaintiff's complaint without prejudice and having granted Plaintiff leave to file an amended complaint which sets forth sufficient facts demonstrating that Plaintiff has a plausible claim for relief (Id. at 10); and

Plaintiff having filed an amended complaint [Doc. No. 4] on July 8, 2014; and

The Court noting that federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation, see Adamczewski v. Emerson Elec. Co., No. 10-4862, 2011 WL 1045162, at *1 (D.N.J. Mar. 22, 2011) (citing Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005)); see also Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d

Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'") (citing <u>Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n</u>, 554 F.2d 1254, 1256 (3d Cir. 1977)); and

 The Court noting that in the amended complaint, Plaintiff removes any reference to 42 U.S.C. § 1983, and instead asserts diversity of citizenship as a basis for jurisdiction pursuant to 28 U.S.C. § 1332; and

 The Court also noting that 28 U.S.C. § 1332(a) provides that the Court has original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States; and

 The Court further noting that in the amended complaint, Plaintiff avers that he is a citizen of the State of New Jersey and that Defendant is also a citizen of the State of New Jersey; and

 The Court finding that because Plaintiff alleges in the amended complaint that both he and Defendant are citizens of the State of New Jersey, there is not complete diversity of the parties and the Court therefore lacks subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332; and

3

The Court also finding that the amended complaint fails to assert a federal question for the Court to exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

THEREFORE, it is on this   17th   day of   November  , 2014,

**ORDERED** that the amended complaint filed on July 8, 2014 shall be, and is hereby, **DISMISSED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall close the file in this matter.

s/Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey